UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JAMES OSCAR THURMER III,              )
                                     )
              Plaintiff,              )
                                     )
v.                                   )    No.: 3:14-CV-86-TAV-CCS
                                     )
CHARTER COMMUNICATIONS, LLC, *et al.*, )
                                     )
              Defendants.             )


**MEMORANDUM OPINION**

This civil action is before the Court on Defendant's Motion to Dismiss [Doc. 3], in

which defendant Charter Communications, LLC ("Charter") moves the Court to dismiss

plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

for his failure to state a claim upon which relief can be granted. Plaintiff did not respond

to Charter's motion, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a),

7.2. For the reasons stated herein, and in light of plaintiff's lack of opposition, Charter's

motion will be granted. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be

deemed a waiver of any opposition to the relief sought.").

I.      **Background**

Plaintiff was hired by Charter on August 1, 1994, and has since been promoted to

the position of Systems Tech Lead [Doc. 1-1 p. 5]. On or about September 28, 2012,

plaintiff took a leave of absence from Charter pursuant to the Family and Medical Leave

Act ("FMLA") [*Id.*]. When plaintiff returned to his employment on or about December

21, 2012, he received an e-mail from Brad Millsaps ("Millsaps") requesting a meeting [*Id.* at 6]. At this meeting, Millsaps told plaintiff that he was being reassigned to the task of maintaining and repairing standby power supplies [*Id.*]. Plaintiff submits that he was not trained for this job and that the job requires two individuals [*Id.*]. As a result, on or about December 27, 2012, plaintiff sent an email to Millsaps describing his concerns regarding the dangerousness of the job when performed by one person and his lack of training for the position, as well as providing suggestions as to how the job could be improved [*Id.*]. According to plaintiff, Millsaps did nothing in response [*Id.*].

Beginning on or about December 28, 2012, and continuing until plaintiff was "most seriously injured" performing his newly assigned tasks on January 24, 2013, plaintiff continued to report "the aforementioned incidents" to Deborah Roberts, a human resources representative for Charter, advising her of his belief that Millsaps was punishing or retaliating against him for taking FMLA leave [*Id.*]. Roberts replied, "[h]e should know how to handle this" and took no further action [*Id.*]. On or about January 11, 2013, plaintiff reported the same to Tony Falin ("Falin"), who was then Millsaps's supervisor, and plaintiff submits that Falin told him that "he would just have to accept things" [*Id.*]. Plaintiff adds that neither Roberts nor Falin interviewed any of plaintiff's coworkers or investigated plaintiff's allegations [*Id.*].

2

Plaintiff was "severely injured" on January 24, 2013,[1] while attempting to perform the new tasks he was assigned upon returning from FMLA leave and alleges that this injury resulted from the "retaliatory actions taken by Brad Millsaps . . . [and] the refusal of both Deborah Roberts and Tony Falin to take any remedial action" [*Id.*]. Plaintiff accuses Charter, through its employees, of failing to adequately investigate plaintiff's complaints of retaliation or take remedial action [*Id.*]. Plaintiff contends that this conduct violated the Tennessee Human Rights Act ("THRA"), codified at Tenn. Code Ann. § 4-21-101, et seq., and demands relief in the form of $250,000 in compensatory damages, punitive damages, and injunctive relief, among other things [*Id.*].

On January 24, 2014, plaintiff filed his complaint in the Chancery Court for Knox County, Tennessee, alleging that defendants violated the THRA [Doc. 1-1 p. 5–6]. Charter, which is organized in Delaware and maintains its principal place of business in Stamford, Connecticut, was served with process through its registered agent on February 3, 2014 [Doc. 1 p. 1]. According to Charter, the individually named defendants "have not been served . . . [and] were fraudulently joined" in this matter, making removal proper pursuant to 28 U.S.C. §§ 1332(a) and 1441 [*Id.*]. Consequently, Charter removed this matter to this Court on March 5, 2014 [Doc. 1].

Charter argues that plaintiff's complaint should be dismissed because: (1) plaintiff's claim is barred by the THRA's statute of limitations; (2) plaintiff's claim is

---

[1] The second reference to this date in plaintiff's complaint provides that the year was 2014, but plaintiff earlier makes reference to being injured on "January 24, 2013," and in light of the fact that plaintiff's complaint was filed on January 24, 2014, the Court, like Charter, assumes that plaintiff meant that the injury occurred on January 24, 2013 [Doc. 1-1 p. 6].

barred in light of the exclusivity of the remedies set forth in Tennessee's workers' compensation laws; and (3) plaintiff is not within a category protected under the THRA [Doc. 4 pp. 3–6]. Further, Charter submits that plaintiff is not entitled to punitive damages under the THRA [*Id.* at 6–7].

## II.      Standard of Review

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that

4

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

## III. Analysis

### A. Removal

On the issue of removal, it appears that at least one of the individual defendants is a Tennessee resident given Charter's argument concerning fraudulent joinder. Thus, the Court will consider the propriety of removal. *See Probus v. Charter Commc'ns, LLC*, 234 F. App'x 404, 407 (6th Cir. 2007) ("Because a court cannot simply ignore jurisdictional shortcomings, . . . the district court erred by reaching the merits of this case before determining whether jurisdiction was proper."); *Sprowls v. Oakwood Mobile Homes, Inc.*, 119 F. Supp. 2d 694, 696 (W.D. Ky. 2000) (finding that "[the issue of] fraudulent joinder goes to the very existence of this Court's subject matter jurisdiction").

The Sixth Circuit has stated that "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Charter emphasizes that it is not alleging fraudulent motives or conduct on the part of plaintiff or his counsel, noting that "[t]o prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Id.* In other words, the question is whether, if proven, plaintiff's allegations would satisfy the

5

elements of the cause of action brought against the individual defendants. *Probus*, 234 F. App'x at 407.

The Court finds that Charter has presented sufficient evidence that plaintiff cannot establish a cause of action against the individual defendants under the THRA because the THRA does not impose individual liability except for aiding, abetting, inciting, compelling, or commanding employment discrimination. *Carr v. United Parcel Serv.*, 955 S.W.2d 832, 835 (Tenn. 1997), *overruled on other grounds*, *Parker v. Warren Cnty. Util. Dist.*, 2 S.W.3d 170 (Tenn. 1999) ("We agree with the federal courts' analyses and hold that the THRA's 'agent of an employer' language does not impose individual liability" and instead incorporates respondeat superior liability.). So, only "an individual who aids, abets, incites, compels, or commands an employer to engage in employment-related discrimination has violated the THRA." *Id.* at 836.

And "civil liability for aiding and abetting requires affirmative conduct. Failure to act or mere presence during the commission of a tort is insufficient for tort accomplice liability." *Id.* Further, an individual is not liable merely for carrying out tasks "within the legitimate scope of . . . supervisory authority" *McNeail-Tunstall v. Marsh USA*, 307 F. Supp. 2d 955, 975 (W.D. Tenn. 2004), such as terminations, *Gates v. Metro. Gov't of Nashville & Davidson Cnty.—Davidson Cnty. Election Comm'n*, No. 3:12-CV-00208, 2012 WL 2395157, at *3 (M.D. Tenn. June 25, 2012) *report and recommendation adopted sub nom.*, *Gates v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:12-0208, 2013 WL 1100537 (M.D. Tenn. Mar. 15, 2013).

6

Plaintiff has not made factual allegations indicating that any individual defendant engaged in affirmative conduct designed to aid, abet, incite, compel, or command an employer to engage in employment discrimination or conduct outside of the scope of his or her duties as an employee. Therefore, the Court finds that Charter's removal of this matter was proper and will dismiss the individual defendants. *Probus*, 234 F. App'x at 407 (holding that "if [the individual defendant] was fraudulently joined and there was in fact complete diversity, the proper procedure would have been to dismiss [the individual defendant] from the suit entirely, not to merely ignore her citizenship 'for purposes of diversity' and proceed to the summary judgment stage with her as a named party").

## B.      Statute of Limitations

First, Charter argues that plaintiff's THRA claim is barred by the applicable statute of limitations. "A civil cause of action under [the THRA] shall be filed in chancery court or circuit court within one (1) year after the alleged discriminatory practice ceases." Tenn. Code Ann. § 4-21-311(d). Plaintiff alleges that Charter violated the THRA by (1) retaliating against him for taking FMLA leave and (2) failing to take remedial action once he complained of the alleged retaliation. Thus, assuming for the sake of argument that this conduct constitutes an adverse employment action under the THRA, which is a requisite element of a THRA claim, *Sykes v. Chattanooga Hous. Auth.*, 343 S.W.3d 18, 29 (Tenn. 2011), plaintiff must show that the action occurred within one year of January 24, 2014.

7

Charter submits that when evaluating whether a claim was filed within the requisite statute of limitations period, "the proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts become most painful." *Weber v. Moses*, 938 S.W.2d 387, 391 (Tenn. 1996) (internal alteration and quotation marks omitted). This is because "[a] discrete discriminatory act 'ceases' as of the time it occurs, not as of the time the consequences of the act cease." *Booker v. The Boeing Co.*, 188 S.W.3d 639, 645 (Tenn. 2006). Accordingly, "[s]tatutes of limitations for actions predicated upon employment discrimination are triggered and commence running on the occurrence of the alleged discriminatory act, and not at the time the last effects of the discriminatory act have been manifested." *Spicer v. Beaman Bottling Co.*, 937 S.W.2d 884, 888 (Tenn. 1996), *overruled on other grounds*, *Booker*, 188 S.W.3d 639.

Here, plaintiff returned to work on December 21, 2012, and Millsaps told plaintiff on or shortly after this date that he was being assigned to perform different tasks, in light of the fact that plaintiff avers he responded by submitting his concerns regarding this new assignment to Millsaps on December 27, 2012. Plaintiff began voicing his concerns to Roberts and Falin on December 28, 2012, and January 11, 2013, respectively. Plaintiff was injured performing his newly assigned tasks on January 24, 2013, and filed his complaint on January 24, 2014.

Even if plaintiff's assignment to different job duties or the failure of Roberts and Falin to act in response to his complaints regarding this assignment constituted adverse

employment actions, as he alleges, these actions occurred more than one year before the complaint was filed. Plaintiff's injury while working occurred exactly one year before he filed the complaint, but this injury was not a discriminatory act or adverse employment action within the meaning of the THRA. In light of the fact that the focus for statute of limitations purposes is on the time of the discriminatory action, not the time at which the consequences of the action are most painful, the Court finds that plaintiff's THRA claims against Charter are barred by the one-year statute of limitations because the alleged retaliation and failure to take remedial action occurred more than one year before January 24, 2014.

### C. Exclusivity of Workers' Compensation Statutes

Plaintiff's redress for his on-the-job injury would, as Charter points out, fall within the exclusivity of the Tennessee workers' compensation statutes. *See* Tenn. Code Ann. § 50-6-108(a) ("The rights and remedies granted to an employee subject to this chapter, on account of personal injury or death by accident, . . . shall exclude all other rights and remedies of the employee."). The only exception is in the case of an intentional tort committed by an employer against an employee, but plaintiff has not alleged an intentional tort on the part of any defendant in this case. *Valencia v. Freeland & Lemm Const. Co.*, 108 S.W.3d 239, 242 (Tenn. 2003). Thus, if plaintiff seeks to recover damages resulting from his on-the-job injury on January 24, 2013, his exclusive avenue for such a recovery is the Tennessee workers' compensation statutes.

### D. Failure to State a Claim Under the THRA

Irrespective of the deficiencies relating to the statute of limitations and workers' compensation statutes, as Charter notes, plaintiff has failed to show that he engaged in a protected activity or falls within a protected class. To prevail on a retaliation claim, a plaintiff must show that he or she engaged in a protected activity under the THRA. *Sykes*, 343 S.W.3d at 29. And the THRA states, in pertinent part:

> It is a discriminatory practice for a person or for two (2) or more persons to:
>
> (1)    Retaliate or discriminate in any manner against a person because such person has opposed a practice declared discriminatory by this chapter or because such person has made a charge, filed a complaint, testified, assisted or participated in any manner in any investigation, proceeding or hearing under this chapter;
>
> (2) Aid, abet, incite, compel or command a person to engage in any of the acts or practices declared discriminatory by this chapter[.]

Tenn. Code Ann. § 4-21-301(1), (2). And a "discriminatory practice" under the THRA is defined as "any direct or indirect act or practice of exclusion, distinction, restriction, segregation, limitation, refusal, denial, or any other act or practice of differentiation or preference in the treatment of a person or persons *because of race, creed, color, religion, sex, age or national origin*." Tenn. Code Ann. § 4-21-102(4) (emphasis added). Plaintiff has not alleged such a discriminatory practice by Charter in the complaint or that Charter retaliated or discriminated against him for opposing or interacting in any fashion with such a practice.

10

Accordingly, the Court finds plaintiff has failed to state a claim against Charter under the THRA.

## IV. Conclusion

For the reasons stated herein, Defendant's Motion to Dismiss [Doc. 3] will be **GRANTED**, and in light of the Court's findings regarding plaintiff's causes of action against the individual defendants, plaintiff's claims will be **DISMISSED** in their entirety. The Clerk of Court will be **DIRECTED** to close this case. An appropriate order will be entered.

ORDER ACCORDINGLY.


s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

11